CALEDONIA,
*March*,
1843.

Sutton
*v.*
Burke.

Town of SUTTON *v.* Town of BURKE.

A person, under the act of 1817, does not gain a legal settlement by residing in a town seven years, unless such person had, previously, a legal settlement in some other town in this state.

THIS was an appeal from an order of removal of one Rebecca Davis, from Sutton to Burke.  Trial by jury.  The town of Sutton gave evidence tending to show, that, in 1821, the pauper removed from the state of New Hampshire into Sutton, and there resided until 1824, when she moved into the town of Burke, and there resided ten years, supporting herself and not becoming chargeable ; that she then moved into Waterford, and resided there five years, and from Waterford to Sutton, where she resided until she was removed under the order in question.  The town of Sutton insisted, and requested the court to charge the jury, that if they found that the pauper resided in Burke seven years continuously, supporting herself, during that period, they should return a verdict that she was duly removed.  But the court instructed the jury that, unless they found the pauper had a settlement in some town in this state, prior to her going to reside in Burke, a residence of seven years in the latter town would not give her a settlement there ; to which instruction, after a verdict that the pauper was unduly removed, the town of Sutton excepted.

*J. R. Skinner & W. Upham*, for plaintiffs.

It is claimed by the defendants that the pauper acquired no legal settlement in the town of Burke, under the act of 1817, for the reason, that the pauper had no legal settlement in the state, previous to her residence in Burke.

The object of the legislature was to provide for the gaining of settlements in future ; and the act was intended to apply to all that had, and should in future, become citizens of this state.  It is not to be presumed that the legislature intended to repeal all former modes of gaining a legal settlement, after persons should come into the state, and not make provision for those that had not gained a legal settlement in the state and yet were located for life.

If the construction contended for be correct, no person, coming into the state to reside, could, by any possibility,

gain a legal settlement in any town in the state. The statute should be construed according to its spirit and meaning.

By the proviso, no persons could gain a legal settlement by mere residence, unless their names were registered in a book in the clerk's office in the town where they intended to gain a settlement. But that proviso was repealed in 1821, and furnishes a clue to the intention of the legislature. The term settlement, in the commencement of the 8th section, means nothing more than mere residence. *Burlington* v. *Calais*, 1 Vt. R. 385.

*Geo. C. Cahoon* for defendant.

The law in this case, is "Any person *having a settlement, in any town in this state,* and of full age, who shall hereafter reside in any other town in this state for the term of seven years, and during said term maintain himself or herself and family and not become chargeable to either of said towns, shall be adjudged to gain a settlement in the town in which he or she may so reside." 8th sec. act of 1817, Slade's Comp. Stat. 382. The language is plain and explicit, and the charge and the law coincide. The court below are fully sustained by the statute, and its judgment should be affirmed.

The opinion of the court was delivered by

HEBARD, J.—This pauper in 1821, removed from the state of New Hampshire into the town of Sutton, and resided there till 1824, when she removed to the town of Burke, and resided there ten years, supporting herself. She then moved into Waterford, and resided there five years, and then moved to Sutton, where she resided until removed to Burke, under the order in question.

The language of the statute is, that "any person having a settlement in any town in this state, and of full age, who shall hereafter reside in any other town in this state, for the term of seven years, and during said term, maintain himself, or herself, and family, and not become chargeable to either of said towns, shall be adjudged to gain a settlement in the town in which he or she may so reside."

There was no provision of the statute by which said pauper had gained a legal settlement in this state, at the time she went to reside in the town of Burke, in 1824 ; and

the question here arises, whether she could gain a legal settlement in Burke, by residing there *seven years*, she having previously no legal settlement in the state.

The expression of the statute is very explicit, and does not seem to admit of any doubt. The terms *settlement* and *legal settlement*, are used indiscriminately in this state, and are well understood to have a fixed and technical meaning. The difference between the term *settlement*, and *residence*, is palpable in the section of the statute quoted. This section merely points out the mode of changing a *settlement* from one town to another. Of course, the person must first have a *settlement*, before he can change it. A person may change his *residence* at pleasure, and as often as he chooses ; but this imposes no liability upon the town in which he resides, unless his *residence* contains the statutory requisite for a legal *settlement*, except the general one, which is, that towns are liable to support such poor persons, as reside in such town, having no legal settlement in the state. All the statutes on this subject keep up a studied and marked distinction between the phraseology of *coming to reside,* and *having a settlement.*

As all the liabilities of towns to support their poor are matter of strict law, we are bound to give the law a strict construction ; and, by so doing, in this case, it will be found, that the pauper's residence in Burke, of more than seven years, wanted one essential requisite to give her a settlement in that town ; and that was, a previous settlement in some other town in this state. But it is understood that this question has before been settled by this court, in Windham county, and is, therefore, not an open question.

The judgment of the county court is affirmed.